IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,397-01




EX PARTE BRUCE ALAN CRISWELL, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F-2009-1199-E IN THE 367TH DISTRICT COURT
FROM DENTON COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
indecency with a child, sentenced to ten years’ imprisonment, and four counts of aggravated sexual
assault of a child, sentenced to 20 years’ imprisonment for each count. The Second Court of Appeals
affirmed his convictions. Criswell v. State, No. 02-10-00074-CR (Tex. App.–Ft. Worth August 31,
2011).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by failing
to reduce a seventeen year plea offer to writing. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether a seventeen year offer was made to
Applicant from the State, and if so, whether counsel conveyed it to Applicant. If such an offer was
conveyed to Applicant, the trial court shall make findings as to whether Applicant affirmatively
declined the plea offer and if not, what happened with that offer. The trial court shall make findings
of fact and conclusions of law as to whether the performance of Applicant’s trial counsel was
deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: May 22, 2013
Do not publish